BRADLEY L. DUNLAP, Trustee, etc. v. C. M. P'POOL et al.

Middle Section. October 9, 1925.

No petition for Certiorari was filed.

1. **Courts. Jurisdiction.**
The act of the General Assembly of 1925, approved April 1925, held to authorize only transfer of case from Supreme Court to Court of Appeals and vice versa, and not from one section of Court of Appeals to another.

2. **Courts. Jurisdiction. The Act of April 1925, repealing the Act of 1921 is not retroactive.**
The Act of April 1925 repealing the act of 1921 is not retroactive and did not affect jurisdiction of Court of Civil Appeals over case filed prior to the enactment of said repealing act.

Appeal from Chancery Court, Hamilton County; Hon. W. B. Garvin, Chancellor.

Application to transfer denied.

Sizer, Chambliss & Sizer, of Chattanooga, for appellant trustee.

C. A. Noone and Joe Brown, of Chattanooga, for appellees.

FAW, P. J. The respective solicitors for complainant and defendants have joined in an application to this court to transfer this case to the Eastern Division of the Court of Appeals sitting

at Knoxville. The reason stated for the application is that it will be more convenient to counsel to have the case heard at Knoxville. We would feel impelled to serve the convenience of counsel in this matter if we could lawfully do so.

The record in the case was filed and the case entered on the docket of the Court of Civil Appeals at Nashville on September 16, 1924. Under the statute then in force (Private Acts of 1921, ch. 161) appeals from Hamilton county went to the court of civil appeals "sitting at Nashville."

By an act of the General Assembly of 1925, approved by the Governor on the——day of April, 1925, the aforesaid Act of 1921 (ch. 161) was repealed, but the latter act does not purport to be retroactive.

It is stated by the counsel that it is their understanding that the transfer of this case to Knoxville would be in accordance with the provisions of Section 17 of the Act of 1925 (ch. 100) reorganizing the appellate court system etc., which section reads as follows:

"All cases in the Court of Civil Appeals on May 1, 1925, that have not been disposed of by that court, and all cases that at that time have been appealed or otherwise removed to that court but not yet docketed, shall be transferred to and disposed of by the appellate court having jurisdiction thereof under the provisions of this act. Cases in the Supreme Court on May 1, 1925, of which the Court of Appeals has cognizance by the terms of this act, shall, if they are brought directly to the Supreme Court and have not been heard or submitted, be transferred by that court to and disposed of by the Court of Appeals in the division in which they arose."

The questions arising upon the motion to transfer this case to Knoxville were before the Court of Appeals en banc at Knoxville in May, 1925, and the court then ruled as follows:

(1) Section 17 of the reorganization Act of 1925 authorized the transfer of cases from the Court of Appeals to the Supreme Court and from the Supreme Court to the Court of Appeals, in order to effectuate the apportionment of jurisdiction between the Supreme Court and the Court of Appeals as defined by other sections of said act; and Section 17 does not relate to the transfer of cases from one section of the Court of Appeals to another section of that court.

(2) The Act of April—1925, repealing the Act of 1921, was not retroactive, and did not affect the jurisdiction of the Court of Civil Appeals sitting at Nashville over cases from Hamilton county which had been docketed in that court prior to the enactment of said repealing act. The court at Nashville retained jurisdiction

of such cases, and the other sections of the court were without jurisdiction of them for any purpose.

The above stated rulings of the Court of Appeals en banc preclude us (the Middle Section of the court) from transferring this case to Knoxville, however much we would like to meet the convenience of counsel. The Eastern Section having no jurisdiction of the case, and there being no statutory authority for the transfer of the case to that section, jurisdiction cannot be conferred on the Eastern Section by consent.

It results that the application to transfer this case to Knoxville is denied.

Crownover and DeWitt, JJ., concur.